**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| BYRON DONNELLE CLAY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:25-cv-127-TES-AGH |
| | : | |
| Officer WILLIAMS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

Before the Court are Plaintiff's motions to appoint counsel (ECF No. 21) and to re-serve Plaintiff's complaint on Defendants (ECF Nos. 22, 24). For the following reasons, Plaintiff's motions are denied.

First, in relevant part Plaintiff claims that appointed counsel is necessary because he is unable to afford counsel, the issues in this case are complex, discovery will be hampered by his imprisonment, and counsel would ensure the "just and efficient resolution of this matter[.]" Pl.'s Mot. to Appoint Couns. 1-2, ECF No. 21. It is true that a district court "may request an attorney to represent any person unable to afford counsel."[1] 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is "instead a

---

[1] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding that federal courts may not "make coercive appointments of counsel" under § 1915).

privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In determining whether a case presents extraordinary circumstances, the Court considers:

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified. Although Plaintiff contends that his imprisonment will limit his ability to litigate this matter, Plaintiff's complaint survived the Court's preliminary screening without needing the complaint to be recast, which Plaintiff acknowledges, and the Court ordered service on Defendants, which is currently pending. Pl.'s Mot. to Appoint Couns.; Order, Apr. 28, 2026, ECF No. 13. Furthermore, while Plaintiff explains that counsel will be necessary for discovery, discovery in this matter has yet to begin as service on Defendants remains pending.

It thus appears to the Court that Plaintiff—at this time—has the ability to present his case. Should it subsequently become apparent that appointed counsel is

necessary to protect Plaintiff's rights, the Court, on its own motion, will consider assisting him in securing legal counsel at that time.  Accordingly, Plaintiff's motion to appoint counsel (ECF No. 21) is **DENIED**.

Second, Plaintiff moves the Court to re-serve his complaint on Defendants because Plaintiff provided an incorrect address for service in his complaint.  Pl.'s Mots. to Re-Serve Compl., ECF Nos. 22, 24.  However, the address to which Plaintiff asks the Court to re-serve his complaint is the address to which waivers of service have been sent.  *Compare* Pl.'s Mots. to Re-Serve Compl. *with* USM 285 Process Receipt and Returns, ECF Nos. 16, 17.  Consequently, Plaintiff's motions to re-serve (ECF Nos. 22, 24) are DENIED as moot.  If it later becomes apparent that Defendants were not served, the Court will address that issue at the appropriate time.

SO ORDERED, this 10th day of July, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

3