**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| BYRON DONNELLE CLAY, | : | |
| Plaintiff, | : | |
| v. | : | No. 3:25-cv-127-TES-AGH |
| CPL MINOR, *et al.*, | : | |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Byron Donnelle Clay filed a civil rights complaint on August 14, 2025 (ECF No. 1). On April 28, 2026, the Court conducted a preliminary review of Plaintiff's complaint and ordered service of the same upon Defendants Williams and Dye but recommended dismissal of Plaintiff's claims as to Defendants Minor and the Walton County Sheriff's Office. R. & R. 11-12, ECF No. 13. On May 18, 2026, District Judge Tilman E. Self adopted the recommendations and made them the Order of the Court. Order, ECF No. 18. Now before the Court is a motion filed by the Plaintiff seeking to amend his complaint to add Major Hudson as a Defendant (ECF No. 23).

Federal Rule of Civil Procedure 15 provides that a plaintiff may amend his complaint "once as a matter of course no later than . . . 21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under [Federal Rule of Civil Procedure] 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B).

"After the time has expired in which a party could have amended as a matter of course, 'a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.'" *Rhiner v. Sec'y, Fla. Dep't of Corr.*, 817 F. App'x 769, 773 (11th Cir. 2020) (quoting Fed. R. Civ. P. 15(a)(1)-(2)). Additionally, pursuant to Rule 20, persons may be joined in one action as defendants if the following criteria are met: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B). A motion to amend a complaint to join additional parties also implicates Rule 21, which states that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The standard for deciding a motion for leave to add parties under Rule 21 is the same as the standard under Rule 15(a) for a motion seeking leave to file an amended complaint. *Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla.*, 148 F.3d 1231, 1255 (11th Cir. 1998). Thus,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Plaintiff filed his request to amend his complaint prior to service upon Defendants Dye and Williams; thus, leave of court to amend is not required. Fed. R. Civ. P. 15(a)(1)-(2). Furthermore, the allegations in the proposed Second Amended

Complaint against Defendant Hudson are related to the allegations from the original complaint against Defendants Dye and Williams, as they all arise from the purported actions of these Defendants to deny Plaintiff due process in disciplinary proceedings and to place Plaintiff in segregation as retaliation for Plaintiff filing grievances and lawsuits. *Compare* Compl., ECF No. 1 *with* Proposed Supp. to Compl., ECF No. 26. Lastly, after a preliminary review of Plaintiff's original complaint pursuant to 28 U.S.C § 1915, this Court allowed the claims against Defendants Dye and Williams to proceed for further factual development. Order, May 18, 2026, ECF No. 18. Plaintiff now claims that Defendant Hudson was made aware of the unconstitutional actions of Defendants Dye and Williams and, apparently out of retaliation, "failed to remedy the situation or take corrective action[.]" Mot. to Am. 2, ECF No. 23. The Court thus finds Plaintiff's allegations against Defendant Hudson substantially similar to the allegations against Defendants Dye and Williams such that it would be prudent to allow Plaintiff's claims against Defendant Hudson to proceed for further factual development. Thus, the Plaintiff's motion to amend his complaint (ECF No. 23) is **GRANTED** such that Major Hudson is added as a Defendant to this civil action, and ECF No. 26 is to be considered a supplement to the original complaint.

**ORDER FOR SERVICE**

Having found that Plaintiff has made a colorable constitutional violation claim against Defendant Major Hudson of the Walton County Jail, it is accordingly **ORDERED** that service of ECF No. 1 ECF No. 26 be made on this Defendant and that they file an Answer, or such other response as may be appropriate under Rule 12,

28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall keep the clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the clerk of a change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS,
PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the clerk of court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility

of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the clerk of court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on

the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the clerk of court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Fed. R. Civ. P. 36 may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED**, this 9th day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE